1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

PETER CHACONAS, LYDIA CHACONAS,

Plaintiffs,

vs.

JP MORGAN CHASE BANK,

Defendant.

CASE NO. 09cv2479 WQH (BLM)

**ORDER**

16

HAYES, Judge:

17

18

The matters before the Court are the Motion to Dismiss and Motion To Strike filed by Defendant JP Morgan Chase Bank ("Chase") on December 22, 2009.  (Doc. # 9).

19

**I.    Background**

20

21

22

23

24

25

On September 30, 2009, Plaintiffs Peter and Lydia Chaconas initiated this action by filing a complaint in the Superior Court of California for the County of San Diego.  (Doc. #1 at 6).  On November 5, 2009, Defendant Chase filed a Notice of Removal from the Superior Court to this Court.  (Doc. # 1).  On December 11, 2009, Plaintiff subsequently filed the First Amended Complaint.  (Doc. # 14).  The Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

26

**A.    Allegations of the First Amended Complaint**

27

28

On April 25, 2009 Plaintiffs retained an attorney to dispute the validity of a debt Plaintiffs incurred with Chase.  (Doc. # 7 ¶ 15-16).  Plaintiffs also sought to "end all

communications on the debt under the RFDCPA, to eliminate all personal liability on the debt via Title 11 of the United States Code, and ensure that creditors accurately and completely report account information to each credit reporting bureau," such as that the debt was disputed. (Doc. # 7 ¶ 16, 17).

Plaintiffs' attorney sent Chase written "cease and desist orders" on April 30, 2009 and July 10, 2009, advising Chase that Plaintiffs disputed the validity of the debt and that the Plaintiffs were now represented by counsel, and directing Chase to cease all communications with Plaintiffs. (Doc. # 7 ¶ 20). Additionally, the July 10, 2009 cease and desist order notified Chase of the Plaintiffs' medical conditions. (Doc. # 7 ¶ 7). Plaintiff Peter Chaconas is seventy-eight years old and suffers from carpal tunnel syndrome, and Plaintiff Lydia Chaconas is seventy-five years old and suffers from arthritis, acid reflux, insomnia, and is "medically considered to be one-hundred-percent disabled." (Doc. # 7 ¶ 7).

Despite the cease and desist orders, Chase continued to communicate with the Plaintiffs, sending letters and billing statements, and making at least 380 phone calls to Plaintiffs' home from May 2009 to December 2009. (Doc. # 7 ¶ 35-38). On October 19, 2009, Chase also unlawfully contacted Plaintiffs' adult daughter regarding Plaintiffs' account. (Doc. # 7 ¶ 63). Plaintiffs suffered severe emotional distress, which exacerbated Plaintiffs' medical conditions, and on October 25, 2009, Mrs. Chaconas suffered serious physical injuries when she fell on the way to answer the telephone.

The First Amended Complaint alleges ten claims for violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, and five additional state law claims including invasion of privacy, negligence, intentional infliction of emotional distress, tort in se, and libel. (Doc. # 7 ¶ 64-204).

**B.    Motion to Dismiss & Motion to Strike**

On December 22, 2009, Chase filed the Motion to Dismiss and Motion to Strike. (Doc. # 9). Chase contends that the Court should dismiss Plaintiffs' claims for invasion of privacy, negligence, intentional infliction of emotional distress, tort in se, and libel pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 9 at 2). Additionally, Chase moves to strike "all

requests for non-recoverable [statutory] damages" under the RFDCPA.  Chase also moves to strike "portions of the First Amended Complaint that are irrelevant and contradicted by the exhibits attached to the First Amended Complaint."  (Doc. # 9 at 2, 6 n.2).

**II.    Discussion**

    **A.    Motion to Dismiss**

        **1.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.")  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret*

1   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

2              **2.    Invasion of Privacy**

3        The First Amended Complaint ("FAC") alleges that Chase "intentionally intruded on

4   Plaintiffs' privacy by . . . continuing to communicate with Plaintiffs at home and at work" after

5   receiving the cease and desist orders, and by "unlawfully and intentionally communicating

6   with Plaintiffs at least 380 times even though Defendants knew that Plaintiffs were represented

7   by Doan Law Firm, LLP." (Doc. # 7 ¶ 166).  The FAC  lists each phone call, alleging that

8   Chase made five or more calls a day on at least twenty occasions. (Doc. # 7 ¶ 38,173-174).

9   Plaintiffs also allege that Chase unlawfully contacted Plaintiffs' adult daughter regarding the

10  debt.  (Doc. # 7 ¶ 171).

11       In the Motion to Dismiss, Chase contends that Plaintiffs' claim fails because "Plaintiffs

12  have not alleged that Chase intentionally penetrated some zone of physical or sensory privacy

13  surrounding the Plaintiffs or obtained unwanted access to data about the Plaintiffs."  (Doc.

14  # 9-1 at 9-10).   Chase contends that contacting Plaintiffs despite knowing they were

15  represented by counsel would not be highly offensive to a reasonable person.  (Doc. # 9-1 at

16  10).

17       In California, "[one] who intentionally intrudes, physically or otherwise, upon the

18  solitude or seclusion of another or his private affairs or concerns, is subject to liability to the

19  other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable

20  person." *Miller v. National Broadcasting Co.*, 187 Cal. App. 3d 1463, 1482 (1986) (citing the

21  Restatement (2d) of Torts § 652).  Thus, California's intrusion action "has two elements: (1)

22  intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a

23  reasonable person." *Shulman v. Group W Productions, Inc*., 18 Cal. 4th 200, 231 (1998).

24       Neither party has cited to a California case involving an intrusion upon seclusion claim

25  for harassing debt collection methods, but numerous federal district courts within the Ninth

26  Circuit have held that "repeated and continuous calls in an attempt to collect a debt give rise

27  to a claim for intrusion upon seclusion" under California law. *See Panahiasl v. Gurney*, No.

28  04-04479, 2007 U.S. Dist. LEXIS 17269, at *6-9 (N.D. Cal. Mar. 7, 2007) (granting default

judgment because allegations of repeated and continuous abusive phone calls to plaintiff's workplace were sufficient to state a claim for intrusion upon seclusion); *see also Fausto v. Credigy Servs. Corp.*, 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009) (denying summary judgment for defendant because evidence of over ninety harassing phone calls from a lender who failed to identify himself was sufficiently offensive for an intrusion upon seclusion claim); *Hurrey-Mayer v. Wells Fargo Home Mortg., Inc.*, No. 09-CV-1470, 2009 U.S. Dist. LEXIS 103039, at *6-7 (S.D. Cal. Nov. 4, 2009) (denying defendant's motion to dismiss because allegations of continuous and numerous phone calls to collect a debt through an automated dialing system after defendant was aware the plaintiff was represented by counsel was sufficient to state a claim for intrusion upon seclusion).

In this case, Plaintiffs allege that Chase contacted them 380 times over a seven month period, often at a rate of five to ten times per day, despite notification that Plaintiffs were represented by counsel. Plaintiffs also allege that Chase contacted Plaintiffs' adult daughter regarding the debt, (Doc. # 7 ¶ 174), which is prohibited by the RFDCPA.[1]  Plaintiffs' allegations adequately plead conduct that could be found highly offensive to a reasonable person, and consequently, are sufficient to state a claim for intrusion upon seclusion. Accordingly, Chase's motion to dismiss Plaintiffs' invasion of privacy action is denied.

### 3. Negligence

#### a. Physical Injuries

The FAC alleges that Plaintiff Lydia Chaconas suffered serious injuries from falling while rushing to answer the telephone because she was "distraught over the amount of phone calls [Plaintiffs] were receiving." (Doc. # 7 ¶ 184).  Plaintiffs assert that Chase had reason to foresee injury resulting from continuous "harassing" phone calls because Chase was put on

---

[1]The RFDCPA prohibits debt collectors from attempting to collect a debt by:

Communicating information regarding a consumer debt to **any member of the debtor's family**, other than the debtor's spouse or the parents or guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian, prior to obtaining a judgment against the debtor, except where the purpose of the communication is to locate the debtor, or where the debtor or his attorney has consented in writing to such communication.

California Civil Code § 1788.12(b) (emphasis added).

notice of the Plaintiffs' poor health through the cease and desist orders.  (Doc. # 7 ¶ 185).

In the Motion to Dismiss, Chase contends that Plaintiffs have not adequately alleged that Chase proximately caused the injuries resulting from Mrs. Chaconas' fall.   (Doc. # 9-1 at 10).   Defendant argues that the phone call "did not cause her to fall and Chase could not have foreseen that Mrs. Chaconas would fall while walking to the telephone." (Doc. # 9-1 at 10).

The elements for a negligence claim are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach is the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996).  In this case, Plaintiffs  allege that Chase harassed them with repeated phone calls, and continued to do so even after Chase knew Plaintiffs were represented by counsel.  (Doc. # 7 ¶ 182-183).  The Court concludes that the facts alleged are not sufficient to establish a causal connection between Mrs. Chaconas' alleged injuries and Chase's alleged conduct.   Plaintiffs' negligence claim for the resulting physical injuries is therefore dismissed without prejudice.

### b.    Emotional Distress

The FAC alleges that Chase negligently inflicted emotional distress on Plaintiffs by calling over 380 times and continuing to contact the Plaintiffs after receiving the cease and desist notices.  (Doc. # 7 ¶182).  In the Motion to Dismiss, Chase contends that Plaintiffs' negligently inflicted emotional distress damages are not recoverable under California law. (Doc. # 9-1 at 11-12).

In California, "recovery of emotional distress damages has been allowed, absent impact or physical injury, in certain specialized classes of cases." *Branch v. Homefed Bank*, 6 Cal. App. 4th 793, 800 (1992).  In these actions, "[n]egligent infliction emotional distress is not an independent tort in California, but the tort of negligence with the traditional elements of duty, breach of duty, causation, and damages." *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992).

The Supreme Court of California has allowed recovery for negligent infliction of emotional distress for "serious emotional distress ... [caused by] a breach of duty owed to the plaintiff that is 'assumed by the defendant or imposed on the defendant as a matter of law, or

that arises out of a relationship between the two.'" *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1073 (1992) (*quoting Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal. 3d 583, 770 (1989)).  Cases where courts have allowed plaintiffs to pursue claims include a doctor misdiagnosing a plaintiff's wife with syphilis, *see Molien v. Kaiser Foundation Hospitals*, 27 Cal. 3d 916, 930-31 (1980), a hired therapist sexually molesting a plaintiff's sons, *Marlene*, 48 Cal. 3d at 591, a school board failing to notify a plaintiff that her daughter was sexually molested by a fellow student, *Phyllis P. v. Superior Court*, 183 Cal. App. 3d 1193, 1197-98 (1986), a crematorium mishandling the remains of plaintiffs' close relative, *Christensen v. Superior Court*, 54 Cal. 3d 868, 894-896 (1991), and a company's unlawful disposal of toxic waste which caused plaintiff to develop a fear of cancer after ingesting contaminated water, *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993).

Summarizing the duty element, the Supreme Court of California in *Potter* explained that "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty."  6 Cal. 4th at 985. " Even . . . [when defendant has breached some other legal duty that caused plaintiff's emotional distress], with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." *Id.*

Chase did not have a special relationship with Plaintiffs similar to a doctor and a patient or a grade school and a parent of a student, but Chase did have a legal duty under California's RFDCPA to engage in fair, honest, and respectful practices in the collection of consumers debts.  *See* Cal. Civ. Code § 1788.  Chase's alleged breach of the RFDCPA, however, did not threaten serious physical injury to the Plaintiffs.  *See Potter*, 6 Cal. 4th at 985 (ruling that duty existed in a  negligent infliction of emotional distress action where plaintiff's fear of cancer was proximately caused by defendant's statutory violations because the breach threatened serious physical injury).  Therefore, the Court concludes that the Plaintiff has failed to allege the type of duty that California courts would find sufficient to state a claim for negligent infliction of emotional distress. Accordingly, Plaintiff's negligence action is dismissed without

1  prejudice.

2  **4.      Intentional Infliction of Emotional Distress**

3       The First Amended Complaint alleges that Chase intentionally inflicted emotional

4  distress on the Plaintiffs through Chase's debt collection methods.  Plaintiffs allege that

5  Chase's conduct was outrageous and extreme because Chase called over 380 times in a seven

6  month period, called an excessive number of times on multiple days, illegally revealed

7  personal financial information to Plaintiffs' adult daughter, sent a debt collector to Plaintiffs'

8  home, and continued to communicate with Plaintiffs despite knowing they were represented

9  by counsel.  (Doc. # 7 ¶ 188-189).

10      In the Motion to Dismiss, Chase contends that the Plaintiffs have failed to allege

11 "outrageous conduct that exceeded all bounds usually tolerated in a civilized community."

12 (Doc. # 9-1 at 12-13).  Chase asserts that contacting Plaintiffs too often, calling Plaintiffs'

13 daughter, and visiting Plaintiffs' home is not sufficiently "outrageous and extreme" to support

14 a claim for intentional infliction of emotional distress.  (Doc. # 9-1 at 13).

15      In order to adequately state a claim for intentional infliction of emotional distress, a

16 plaintiff must allege:  "(1) extreme and outrageous conduct by the defendant with the intention

17 of causing, or reckless disregard of the probability of causing, emotional distress; (2) the

18 plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate

19 causation of the emotional distress by the defendant's outrageous conduct."  *Hughes v. Pair*,

20 46 Cal. 4th 1035, 1050 (2009) (internal quotations and citations omitted). Conduct is

21 "outrageous" if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized

22 community."  *Id.* at 1050.   Behavior may be considered outrageous if the defendant "(1)

23 abuses a relation or position which gives him power to damage the plaintiff's interest; (2)

24 knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally

25 or unreasonably with the recognition that the acts are likely to result in illness through mental

26 distress."  *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 713 (1994) (internal quotations and citations

27 omitted).

28      In the area of debt collection practices, California acknowledges that "a creditor has a

qualified privilege to protect its economic interest, though that privilege may be lost if the

creditor uses outrageous and unreasonable means in seeking payment." *Symonds v. Mercury Sav. & Loan Ass'n*, 225 Cal. App. 3d 1458, 1469 (1990) (*citing Bundren v. Superior Court*, 145 Cal. App. 3d 784, 789-90 (1983)).  Debt collection agencies, however, have also been recognized as holding a special position of authority over debtors which can contribute to the outrageousness of their conduct.  *See Bundren*, 145 Cal. App. 3d at 791; *Kindley v. Flagstar Bank*, No. 04-CV-0319, 2004 U.S. Dist. LEXIS 31025, at *9 (S.D. Cal. Oct. 28, 2004). Additionally, a defendant's debt collection methods may rise to the level of outrageous conduct where the creditor knows the debtor is susceptible to emotional distress because of her physical or mental condition.  *See Symonds*, 225 Cal. App. 3d at 1469.

In the present case, Plaintiffs allege that Chase was put on notice of Plaintiffs' advanced age and poor health, which made Plaintiffs more susceptible to emotional distress.  (Doc. # 7 ¶ 7).  Plaintiffs allege that despite this knowledge, Chase contacted them hundreds of times over several months, often many times per day, that Chase continued to contact them after learning they were represented by counsel, that Chase unlawfully contacted their daughter about the debt, that Chase sent a collector to their home, and that Chase persisted in attempting to collect the debt even after the cease and desist letters.  These allegations, if proven, are sufficient to establish that Chase's behavior was sufficiently outrageous to satisfy the outrageous conduct element of intentional infliction of emotional distress.  In ruling on a motion to dismiss, a district court must construe all factual allegations and draw all reasonable inferences in the light most favorable to the plaintiff.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  Considering Plaintiffs' allegations of vulnerability as well as Defendant's position of potential power to inflict emotional distress as a creditor, Plaintiffs' allegations of Defendant's excessive amount of calls and unlawful contact of Plaintiffs' adult daughter is adequate to plead the "outrageous" element.  Accordingly, Plaintiffs have stated a claim for intentional infliction of emotional distress and Chase's motion to dismiss Plaintiffs' intentional infliction of emotional distress claim is denied.

### 5.    Tort in Se

The First Amended Complaint alleges that Chase violated a statutory duty under the RFDCPA, and because Plaintiffs are the intended beneficiaries of the RFDCPA, Chase is liable

under the doctrine of "tort in se." (Doc. # 7 ¶ 198-199). In the Motion to Dismiss, Chase contends that Plaintiffs' tort in se claim fails because the RFDCPA already provides a civil remedy and there is no "authority indicating that California intended to allow separate negligence tort claims based upon the duties created by the RFDCPA." (Doc. # 9-1 at 13).

A "tort in se" or "tort in essence" is "the breach of a nonconsensual duty owed another." *Laczko v. Jules Meyers, Inc.*, 276 Cal. App. 2d 293, 295 (1969). "Violation of a statutory duty to another may therefore be a tort and violation of a statute embodying a public policy is generally actionable [as a "tort in se"] even though no specific civil remedy is provided in the statute itself.*" Id.* "Any injured member of the public for whose benefit the statute was enacted may bring the action." *Id.* California courts have applied the "tort in se" doctrine only where a specific civil remedy is unavailable for the violations of statutory duty. *See, e.g., S. Bay Building Enterprises, Inc. v. Riviera Lend-Lease, Inc.*, 72 Cal. App. 4th 1111, 1123 (1999) (allowing a tort in se claim for violations of Cal. Civ. Code § 2924h where no statutory remedy was available); *Tovar v. S. Cal. Edison Co.*, 201 Cal. App. 3d 606, 610 (1988) (allowing a tort in se claim for violations of Cal. Pub. Util. Code § 777 where no statutory remedy was available); *Munchow v. Kraszewski*, 56 Cal. App. 3d 831, 835 (1976) (allowing a tort in se claim for violations of Cal. Veh. Code § 28051 where no statutory remedy was available); *Laczko*, 276 Cal. App. 2d at 294-95 (same). Thus, a tort in se claim is "superfluous when the law already provides for a tort in substance." *Esteem v. City of Pasadena*, No. CV 04-662, 2007 U.S. Dist. LEXIS 91463, at *79 (C.D. Cal. Sept. 11, 2007); *see also Hisamatsu v. Niroula*, No. 07-CV-04371, 2009 U.S. Dist. LEXIS 115712, at *16 (N.D. Cal. Oct. 22, 2009).

In this case, Plaintiffs claim that Chase violated a statutory duty owed to them under the RFDCPA. The RFDCPA already provides a specific private civil remedy and "there is nothing to indicate that California intended to allow separate negligence tort claims based upon the duties created by the Rosenthal Act." *Castellanos v. JPMorgan Chase & Co.*, No. 09-CV-00969, 2009 U.S. Dist. LEXIS 53067, at *30-31 (S.D. Cal. June 23, 2009). As in *Castellanos*, this Court cannot apply the tort in se doctrine based on alleged violations of the RFDCPA in absence of California state authority. Accordingly, Plaintiffs' tort in se claim is dismissed without prejudice.

### 6.    Libel

The First Amended Complaint alleges that "[t]he conduct of Defendants in failing to disclose and report that [Plaintiffs'] purported debt was 'disputed' constituted libel that tends to defame, disparage, and injure Plaintiffs in their reputation and has also caused them pain and suffering."  (Doc. # 7 ¶ 201).  "Such libel has occurred on a continuing basis from approximately May 2009 through the present." (Doc. # 7 ¶ 202).

In the Motion to Dismiss, Chase contends that Plaintiffs' libel claim "does not allege facts supporting any of the elements of defamation." (Doc. # 9-1 at 14).  Specifically, the FAC fails to "allege the publication of any statements, false or otherwise," identify who allegedly committed the defamation, or the content of the defamatory statement.  (Doc. # 9-1 at 14).  Additionally, Chase contends that "to the extent that the actionable conduct alleged in claim fifteen is inaccurate credit reporting, Plaintiffs' claim is preempted and barred by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ('FCRA')."  (Doc. # 9-1 at 14).

To state a claim for libel, a subcategory of defamation, a plaintiff must allege "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 64 (1999); *see* Cal. Civ. Code §§ 45-46.  "Publication" is defined as a "communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Ringler Associates, Inc. v. Maryland Casualty Co.*, 80 Cal. App. 4th 1165, 1180 (2000).

Under California law, "the general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint." *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 34 (2007).  Pleading the "substance of the defamatory statement" is also adequate to state a claim for libel. *Okun v. Superior Court*, 29 Cal. 3d 442, 458 (1981).  But "general allegations of the defamatory statements" which do not identify the substance of what was said are insufficient. *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1314 (N.D. Cal. 1997); *Jacobson v. Schwarzenegger*, 357 F.Supp. 2d 1198, 1216 (C.D. Cal. 2004).

In this case, Plaintiffs' libel claim is insufficient because they have failed to identify and

state the substance of any defamatory statements.  The FAC only contains allegations of statements the Chase allegedly failed to publish, and does not identify any defamatory statements that were actually published by Chase.  Accordingly, Plaintiffs' defamation claim is dismissed without prejudice and it is unnecessary for the Court to determine whether Plaintiffs' libel claim is preempted by the FCRA.

### B.    Motion to Strike Pursuant to Rule 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), Chase moves to strike all requested relief that is not recoverable as matter of law in Plaintiffs' ten claims brought under the RFDCPA.  (Doc. # 9 at 2-4).  Chase contends that "Plaintiffs improperly seek to recover statutory damages for each of Chase's alleged violations of the RFDCPA." (Doc. # 9-1 at 14). Chase asserts that Plaintiffs can only recover $1000 total in statutory damages for all of Plaintiffs' RFDCPA claims because the maximum statutory damages of $1000 are awarded "per action," regardless of the number of alleged statutory violations.  (Doc. # 9 at 14-15). Plaintiffs contend that recovery for statutory damages under the RFDCPA is per violation, not per action, and as a result, Plaintiffs are allowed to allege multiple requests for $1000 of statutory damages.  (Doc. # 18 at 18).  Chase also moves to strike portions of the FAC regarding Mrs. Chaconas' injuries on the grounds that the allegations are contradicted by exhibits attached to the FAC.  (Doc. # 9 at 2, 4-5).

Under Federal Rule of Civil Procedure 12(f), a party may move a court to "order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike a pleading are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (*citing Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).  "[C]ourts often require a showing of prejudice by the moving party before granting" a motion to strike, and "[u]ltimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (*citing Fantasy, Inc., v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993)).  In exercising its discretion, the court views the pleadings in the light most favorable

to the non-moving party, and "resolves any doubt as to the relevance of the challenged allegations or sufficiency of a defense in the defendant's favor." *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1033. Additionally, "[e]ven when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike." *S.E.C. v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995).

In the present case, Chase does not contend that Plaintiffs' duplicative requests for statutory damages would prejudice Chase in any way. Furthermore, Chase has failed to show that a motion to strike is an appropriate vehicle to determine what statutory remedies are available under the RFDCPA. *See Givemepower Corp. v. Pace Compumetrics, Inc.*, NO. 07-CV-157, 2007 U.S. Dist. LEXIS 59371, at *41-42 (S.D. Cal. Aug. 14, 2007) (*citing Madison House, Ltd. v. Sotheby's Int'l Realty Aff iliates, Inc.*, No. C06-1054, 2006 U.S. Dist. LEXIS 79034, at *4 (W.D. Wash., Oct. 30, 2006) ("Defendants attempt to characterize the challenged claims as 'immaterial,' in keeping with the language of FRCP 12(f). But what Defendants really mean when they use that term in this context is 'legally insufficient,' which is not the same . . . Defendants' request is more properly raised under FRCP 12(b)(6) as a motion to dismiss or under FRCP 56 as a motion for summary judgment. When the motion is properly denominated and the argument framed accordingly, Plaintiffs will have an opportunity to more appropriately respond to what Defendants are seeking.")).

As for the allegations relating to Mrs. Chaconas' injuries, inconsistent allegations are not a proper basis for striking pleadings unless a party has acted in bad faith. *See PAE Gov. Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858-860 (9th Cir. 2007). Chase does not assert that Plaintiffs have acted in bad faith. Chase's motion to strike is denied in its entirety.

/ / /

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss the First Amended Complaint is **GRANTED** in part and **DENIED** in part.  (Doc. # 9).  The Motion to Dismiss is **DENIED** as to the invasion of privacy claim and the intentional infliction of emotional distress claim. The negligence, tort in se, and the libel claims are **DISMISSED** without prejudice.  The Motion to Strike the First Amended Complaint is **DENIED**.

DATED:  May 10, 2010

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge